**K. O. SIBLEY et al., Plaintiffs-Appellants,**

v.

**RURAL ELECTRIFICATION ADMINIS-TRATION et al., Defendants-Appellees.**

**No. 27772**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Nov. 10, 1969.

Rehearing Denied Dec. 18, 1969.

Frank M. Coates, Jr., Tom F. Phillips, William J. Doran, Jr., Baton Rouge, La., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., of counsel, for appellants.

Theo. F. Cangelosi, John Schwab, Robert L. Cangelosi, Paul M. Hebert, Baton Rouge, La., Edward L. Shaheen, U. S. Atty., Shreveport, La., Alan S. Rosenthal, Reed Johnston, Jr., Civil Div., Appellate Section, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., for appellees.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is the third attempt to enjoin the consummation of a Rural Electrification Administration loan to the Louisiana Electric Cooperative. See Rural Electrification Administration v. Central Louisiana Electric Co., 354 F.2d 859 (5th Cir. 1966), certiorari denied 385 U.S. 815, 87 S.Ct. 34, 17 L.Ed.2d 54.

Despite this Court's previous explicit holding that private power companies themselves cannot enjoin as competitors the granting of a loan from the Rural Electrification Administration, appellants here seek to bar the loan as individual members of Louisiana Electric Cooperative, Inc., which is itself the beneficiary of the subject loan.

The effect of our holding in Rural Electrification Administration v. Central Louisiana Electric Co., supra, cannot be so easily circumvented. There

the Court specifically held that apart from the plaintiff's lack of standing, the Courts are without jurisdiction to review the Agency's loan-making authority. The holding has been reiterated in Alabama Power Co. v. Alabama Electric Co-operative, Inc., 394 F.2d 672 (5th Cir. 1968), certiorari denied 393 U.S. 1000, 89 S.Ct. 488, 21 L.Ed.2d 465.[1]

The district court's order of dismissal is accordingly

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties

in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526 [No. 27439, Oct. 7, 1969].